**SPO**
**LOREN S. YOUNG, ESQ.**
Nevada Bar No. 7567
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
7670 W. Lake Mead Blvd., Suite 200
Las Vegas, Nevada 89128
Telephone:  (702) 257-1997
Facsimile:   (702) 257-2203
lyoung@lgclawoffice.com

Attorneys for Defendant,
TARGET CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA ADAMS, individually;<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION d/b/a TARGET, a foreign corporation; DOE SECURITY OFFICER; DOE MANAGER; ROE SECURITY COMPANY; DOES 1-10, inclusive; and ROE BUSINESS ENTITIES 1-10, inclusive,<br><br>Defendants. | CASE NO: 2:25-CV-00719<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS**<br><br>As amended on pages 3-5 |

**STIPULATED PROTECTIVE AND CONFIDENTIALITY ORDER**

The parties have agreed to the following terms of confidentiality, and the court has found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this case only; accordingly, it is STIPULATED and ORDERED as follows:

1. Any person subject to this order who receives from any other person any discovery material (i.e., information of any kind provided in the course of discovery in this action) that is designated confidential pursuant to the terms of this order shall not disclose such "confidential discovery material" to anyone else except as expressly permitted by this order.

2. Any person producing discovery material may designate as confidential only such portion of the material that consists of:

     a.    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

     b.    security camera videos;

     c.    previously nondisclosed material relating to ownership or control of any non-public company;

     d.    previously nondisclosed business plans, product development information, policies and procedures, trade secret information, or marketing plans;

     e.    any information of a personal or intimate nature regarding any individual; or

     f.    any other category of information hereinafter given confidential status by the court.

3. With respect to the confidential portion of any discovery material, other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as confidential by stamping or otherwise clearly marking as "CONFIDENTIAL" the protected portion in a manner that will not interfere with legibility or audibility.

4. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL INFORMATION GOVERNED BY PROTECTIVE ORDER" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of discovery material that that person previously produced should be designated confidential, he may make the designation by apprising all parties in writing and providing a replacement copy of the discovery material with the confidential designation, upon which such discovery material will be treated as confidential under the terms of this order.

6. No person subject to this order other than the producing person shall disclose any confidential discovery material to any other person, except as follows:

     a.    the parties to this action and any of their in-house counsel specifically assigned to work on this case;

///

    b.    counsel of record, including any paralegal, clerical, or other assistant employed by such counsel and assigned to work on this case;

    c.    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d.    any witness who counsel of record in good faith believes may be called to testify at trial or deposition in this case, provided such person has first executed the non-disclosure agreement in the form annexed as an exhibit to this order;

    e.    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this case, provided such person has first executed the non-disclosure agreement in the form annexed as an exhibit to this order;

    f.    stenographers engaged to transcribe depositions conducted in this action; and

    g.    the court and its personnel.

7. Counsel of record shall retain any non-disclosure agreement signed pursuant to paragraph 5, hold it in escrow, and produce it to opposing counsel either prior to the signatory being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. With respect to any communications to the Court, including any pleadings, motions or other papers, all documents containing Confidential Material shall be done in accordance with Local Rules IA 10-4 and IA 10-5, in additions to the directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). All communications shall indicate clearly which portions are designated to be "Confidential" through a Motion to Seal and/or redaction.

9. Any party seeking to file confidential discovery material with the court must file a motion to seal and/or redact consistent with Local Rule IA 10-5 and LR IC 4-1(c), ~~and the Nevada Rules for Sealing and Redacting Court Records as outlined in SRCR Rule 3~~. The parties will use their best efforts to minimize such motions and sealing.

10. The court may order the court files and records, or any part thereof, in a civil action to be sealed or redacted, provided the court makes and enters written findings that the specific sealing or redaction

1  is justified by identified compelling ^[good cause or] privacy or safety interests that outweigh the public interest in access to the court record. The parties' agreement alone does not constitute a sufficient basis for the court to seal or redact court records. The ~~public~~ interest in privacy or safety interests that outweigh the public interest in open court records ~~include findings that:~~ *may include findings that:*

    a.    The sealing or redaction is permitted or required by federal or state law;

    b.    The sealing or redaction furthers an order entered under FRCP 12(f) or a protective order entered under FRCP 26(c);

    c.    The sealing or redaction furthers an order entered in accordance with federal or state laws that serve to protect the public health and safety;

    d.    The redaction includes only restricted personal information contained in the court record;

    e.    The sealing or redaction is of the confidential terms of a settlement agreement of the parties;

    f.    The sealing or redaction includes medical, mental health, or tax records;

    g.    The sealing or redaction is necessary to protect intellectual proprietary or property interests such as trade secrets as defined in NRS 600A.030(5); or

    h.    The sealing or redaction is justified or required by another identified compelling circumstance *or good cause.*

11. Any party who either objects to any confidential designation, or who, by contrast, requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel ~~for all affected persons shall file a stipulation and order with the court requesting a case management conference for purposes of obtaining a ruling.~~ *may file the appropriate motion.*

///
///
///
///

-4-

12. All persons are placed on notice that ~~the court is unlikely to seal or otherwise afford~~ they must carry their applicable burden to justify the court sealing or giving confidential treatment to any confidential discovery material introduced in evidence at trial. The court also retains unfettered discretion whether or not to afford confidential treatment to any confidential discovery material submitted to the court in connection with any motion, application, or proceeding that may result in an order and/or decision by the court.

13. Each person who has access to confidential discovery material shall take all necessary precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection, such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the inadvertently disclosed information and its subject matter.

15. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the inadvertently disclosed information for any purpose, except by order of the court. The receiving party shall, within 5 business days, return or destroy all copies of the inadvertently disclosed information, and provide a certification of counsel that all such information has been returned or destroyed.

16. Within 5 business days of the notification that inadvertently disclosed information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the inadvertently disclosed information.

17. As with any information redacted or withheld, the receiving party may move the court for an order compelling production of the inadvertently disclosed information. The motion shall be filed under temporary seal, along with a motion to seal, and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

18. The disclosing party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed information. Nothing in this order shall limit the right of any party to request an in camera review of the inadvertently disclosed information.

19. This order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all confidential discovery material and all copies such material shall be promptly

returned to the producing person, or, upon permission of the producing person, destroyed. Alternatively, if counsel chooses to retain documents solely for purposes of maintain the complete file for malpractice concerns, counsel not returning such materials shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this order and such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, (2) confirmed that all such material has been returned to disseminating counsel and (3) counsel will be maintain these materials confidential for seven years and then destroyed.

20. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding, and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

21. This court shall retain jurisdiction over all persons subject to this order to the extent necessary to enforce any of its obligations or to impose sanctions for any contempt of the order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 17th day of July, 2025.

**LINCOLN, GUSTAFSON & CERCOS**

/s/ Loren S/ Young
**LOREN S. YOUNG, ESQ.**
Nevada Bar No. 7567
7670 W. Lake Mead Blvd., Suite 200
Las Vegas, Nevada 89128
Attorney for Defendant,
TARGET CORPORATION

DATED this 17th day of July, 2025.

**REX LAW**

/s/ Cory Rex
**CORY REX, ESQ.**
Nevada Bar No. 10577
170 South Green Valley Parkway, Suite 300
Henderson, NV 89012
Attorney for Plaintiff,
ANGELA ADAMS

IT IS SO ORDERED

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: July 18, 2025

# **CONFIDENTIALITY AGREEMENT**

BEING DULY SWORN, I hereby attest to the following:

1. It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Protective Order entered in *Angela Adams v. Target*, Case No. 2:25-cv-00719-GMN-DJA, by the United States District Court, District of Nevada, ("Court").

2. I have been given a copy of and have read the Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such confidential information, and that I hereby agree to be bound by it.

3. I further agree that I shall not disclose such confidential information to others, except in accordance with the Protective Order,

4. It is my understanding that if I fail to abide by the terms of the Protective Order then I may be subject to sanctions imposed by the Court for such a failure.

5. I hereby consent to the jurisdiction of the Court for purposes of enforcing the Protective Order.

FURTHER AFFIANT SAYETH NOT.

This _____ day of _____, 2025.

_____
(Name)
_____
(Address, City, State, Zip)
_____
(Telephone #)

Relationship to this lawsuit: _____

_____
(Signature)

Subscribed and sworn to before me

This ___ day of _____, 2025.

_____
Notary Public
My Commission Expires:

-7-