**LOREN S. YOUNG, ESQ**.
Nevada Bar No. 7567
**JULIE A WHITE, ESQ.**
Nevada Bar No. 8725
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
7670 W. Lake Mead Blvd., Suite 200
Las Vegas, Nevada 89128
Telephone: (702) 257-1997
Facsimile: (702) 257-2203
lyoung@lgclawoffice.com
jwhite@lgclawoffice.com

Attorneys for Defendant,
TARGET CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA ADAMS, individually;<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION d/b/a TARGET, a foreign corporation; DOE SECURITY OFFICER; DOE MANAGER; ROE SECURITY COMPANY; DOES 1-10, inclusive; and ROE BUSINESS ENTITIES 1-10, inclusive,<br><br>Defendants. | CASE NO: 2:25-CV-00719-GMN-DJA<br><br>**STIPULATION AND ORDER TO FILE FIRST AMENDED COMPLAINT** |

IT IS HEREBY STIPULATED AND AGREED by Plaintiff ANGELA ADAMS, by and through counsel CORY REX, ESQ. of REX LAW, and Defendant, TARGET CORPORATION, by and through counsel, LOREN S. YOUNG, ESQ. and JULIE A. WHITE, ESQ. of LINCOLN, GUSTAFSON & CERCOS, LLP, and hereby stipulate and agree that Plaintiff be allowed to file a First Amended Complaint to add Defendants METRO ONE LOSS PREVENTION SERVICES GROUP (WEST COAST), INC., METRO ONE LOSS PREVENTION SERVICES GROUP (GUARD DIVISION), INC., and METRO ONE LOSS PREVENTION SERVICES GROUP, INC. [1] Defendant TARGET CORPORATION shall be permitted to file any cross-claims and/or third-party

---

[1] A copy of the proposed First Amended Complaint is attached hereto.

-1-

claims against METRO ONE LOSS PREVENTION SERVICES GROUP (WEST COAST), INC., METRO ONE LOSS PREVENTION SERVICES GROUP (GUARD DIVISION), INC., and METRO ONE LOSS PREVENTION SERVICES GROUP, INC.

**IT IS SO STIPULATED AND AGREED.**

DATED this 26th day of November, 2025.   DATED this 26th day of November, 2025.

**LINCOLN, GUSTAFSON & CERCOS**   **REX LAW**

*/s/ Julie A. White*   */s/ Cory Rex*
**LOREN S. YOUNG, ESQ.**   **CORY REX, ESQ.**
Nevada Bar No. 7567   Nevada Bar No. 10577
**JULIE A WHITE, ESQ.**   170 South Green Valley Parkway, Suite 300
Nevada Bar No. 8725   Henderson, NV 89012
7670 W. Lake Mead Blvd., Suite 200   Attorney for Plaintiff,
Las Vegas, Nevada 89128   ANGELA ADAMS
Attorney for Defendant,
TARGET CORPORATION

## ORDER

IT IS SO ORDERED.

_____
United States Magistrate Judge
DATED: 12/2/2025

Cory Rex, Esq.
Nevada Bar No. 10577
REX LAW
170 South Green Valley Parkway, Suite 300
Henderson, NV 89012
Phone: (702) 702-4739
Fax: (702) 872-3518
Email: cory@coryrex.com
Attorney for Plaintiff
ANGELA ADAMS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA ADAMS, individually,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION dba TARGET, a foreign corporation; METRO ONE LOSS PREVENTION SERVICES GROUP (WEST COAST), INC., a foreign corporation; METRO ONE LOSS PREVENTION SERVICES GROUP (GUARD DIVISION), INC., a foreign corporation; METRO ONE LOSS PREVENTION SERVICES GROUP, INC., a foreign corporation; DOE SECURITY OFFICER; DOE MANAGER; ROE SECURITY COMPANY; DOES 1-10, inclusive; and ROE BUSINESS ENTITIES 1-10, inclusive,<br><br>Defendants. | CASE NO.:  2:25-cv-00719<br><br>**PROPOSED PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Plaintiff, ANGELA ADAMS, through her counsel REX LAW, for her Complaint against the Defendants and each of them alleges as follows:

### GENERAL ALLEGATIONS

1.  Plaintiff, ANGELA ADAMS ("ADAMS"), is and was, at all relevant times to these proceedings, a resident of Clark County Nevada.

4860-3608-8895.1

2. Upon information and belief, and at all times relevant hereto, Defendant TARGET CORPORATION d/b/a Target ("TARGET"), is and was a foreign corporation authorized to do business within the County of Clark, State of Nevada.

3. Upon information and belief, and at all times relevant hereto, Defendant METRO ONE LOSS PREVENTION SERVICES GROUP (WEST COAST), INC. METRO ONE LOSS PREVENTION SERVICES GROUP (GUARD DIVISION), INC, is and was a foreign corporation authorized to do business within the County of Clark, State of Nevada.

4. Upon information and belief, and at all times relevant hereto, Defendant METRO ONE LOSS PREVENTION SERVICES GROUP (GUARD DIVISION), INC, is and was a foreign corporation authorized to do business within the County of Clark, State of Nevada.

5. Upon information and belief, and at all times relevant hereto, Defendant METRO ONE LOSS PREVENTION SERVICES GROUP, INC, is and was a foreign corporation authorized to do business within the County of Clark, State of Nevada.

6. Upon information and belief, METRO ONE LOSS PREVENTION SERVICES GROUP (WEST COAST), INC; METRO ONE LOSS PREVENTION SERVICES GROUP (GUARD DIVISION), INC; and METRO ONE LOSS PREVENTION SERVICES GROUP, INC were the security companies obligated to provide security at the Property at the time of the incident.

7. METRO ONE LOSS PREVENTION SERVICES GROUP (WEST COAST), INC's; METRO ONE LOSS PREVENTION SERVICES GROUP (GUARD DIVISION), INC's; and METRO ONE LOSS PREVENTION SERVICES GROUP, INC's employees were not present before, during, or after the attack; failed to deter/prevent the crime; and failed to intervene on multiple occasions.

8. TARGET CORPORATION; METRO ONE LOSS PREVENTION SERVICES GROUP (WEST COAST), INC; METRO ONE LOSS PREVENTION SERVICES GROUP (GUARD DIVISION), INC; and METRO ONE LOSS PREVENTION SERVICES GROUP, INC are collectively referred to herein as ("Defendants").

9. Upon information and belief, Defendant DOE SECURITY OFFICER ("DOE SECURITY OFFICER") is and was, at all times relevant herein, a resident of Clark County, State of Nevada. Defendant DOE SECURITY OFFICER is designated as such as Defendant's name and/or complete identity is unknown to the Plaintiff. Defendant DOE SECURITY OFFICER was the store security on duty at the time of the subject incident.

10. Upon information and belief, Defendant DOE MANAGER ("DOE MANAGER") is and was, at all times relevant herein, a resident of Clark County, State of Nevada. Defendant DOE MANAGER is designated as such as Defendant's name and/or complete identity is unknown to the Plaintiff. Defendant DOE MANAGER was the store manager on duty at the time of the subject incident.

11. Upon information and belief, Defendant ROE SECURITY COMPANY is and was, at all times relevant herein, a business authorized to do business within the County of Clark, State of Nevada. Defendant ROE SECURITY COMPANY is designated as such as Defendant's name and/or complete identity is unknown to Plaintiff. Defendant ROE SECURITY COMPANY was the security company providing security services to the store at the time of the subject incident.

12. That the true names and capacities, whether individual, corporate, association or otherwise of the Defendants, DOES 1 through 10 and/or ROE CORPORATIONS 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as DOES and/or ROES are responsible in some manner for

the events and happenings herein referred to, and in some manner caused the injuries and damages proximately thereby to the Plaintiff, as herein alleged; that the Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES 1 through 10 and/or ROE CORPORATIONS 1 through 10, inclusive, when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such Defendants in this action.

13.   Plaintiff is informed and believes and thereon alleges that at all relevant times herein mentioned Defendants, and each of them, were the agents and/or servants and/or employees and/or partners and/or joint venture partners and/or employers of the remaining Defendants and were acting within the course and scope of such agency, employment, partnership or joint venture and with the knowledge and consent of the remaining Defendants.

14.   Upon information and belief, and at all times relevant to these proceedings, Defendants owned operated, controlled, leased, managed, performed work, maintained, promoted, advertised, provided briefing about, employed or otherwise engaged in actions surrounding the Property, which includes a Target store, located at 4001 S. Maryland Parkway, Las Vegas, NV 89119 ("the Property").

15.   On or about March 13, 2024, Plaintiff ADAMS was an invitee of TARGET and lawfully on the premises of the Property.

16.   Plaintiff was at the Property to shop at TARGET when she was physically attacked and robbed by non-party individual Ismael Castillo ("assailant") in front of the store.

17.   Upon information and belief, at the same time and place, Defendants, DOE SECURITY OFFICER, DOE MANAGER, and ROE SECURITY COMPANY were working somewhere on the Property but were not present before or during the attack.

18. The assailant then entered the Target store. Defendants, DOE SECURITY OFFICER, DOE MANAGER, and ROE SECURITY COMPANY took no action to prevent the assailant from entering the store after already violently attacking one customer, Plaintiff ADAMS.

19. The assailant then took a knife, a deadly weapon, from the shelves at Target to further attack Plaintiff with a weapon. Defendants, DOE SECURITY OFFICER, DOE MANAGER, and ROE SECURITY COMPANY took no action to prevent the assailant from obtaining the weapon.

20. The assailant then exited the Target to hunt down Plaintiff and attack her again with a deadly weapon. Defendants, DOE SECURITY OFFICER, DOE MANAGER, and ROE SECURITY COMPANY took no action to prevent Ismael Castillo from further assaulting and attacking Plaintiff with a weapon.

21. Upon information and belief, at the same time and place, DOE SECURITY OFFICER was hiding in the security room instead of providing security before, during, and after the attack and robbery.

22. At the same time and place, Defendants, DOE SECURITY OFFICER, DOE MANAGER, and ROE SECURITY COMPANY were aware that an armed assailant was on the Property and took no action to protect their customers, which led to a further assault of Plaintiff.

23. Upon information and belief, Defendants, DOE SECURITY OFFICER, DOE MANAGER, and ROE SECURITY COMPANY were acting in the course and scope of their employment at the time of the aforementioned incident.

24. Upon information and belief, ROE SECURITY COMPANY was the security company to provide security at the Property at the time of the incident and failed to intervene in the aforementioned incident.

25. The incident caused Plaintiff to sustain mental, emotional, and psychological injuries all to her general damages in excess of $75,000.

## JURISDICTIONAL STATEMENT

26. At all times relevant, the incident occurred in Clark County, Nevada.

27. The Eighth Judicial District Court has jurisdiction of this civil tort action pursuant to NRCP 8(a)(4), NRS 13.040 and NRS 41.130 as the occurrence giving rise to this matter took place in Clark County, Nevada and the amount in controversy exceeds $15,000.00.

## FIRST CAUSE OF ACTION

### (Negligence against ALL DEFENDANTS)

28. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

29. That Defendants owed a duty to exercise due care personally, professionally, and in the course and scope of their employment to invitees, including Plaintiff ADAMS.

30. That Defendants owed a duty to exercise due care in the operation of the Property including a specific duty of care to maintain security and safety of employees, customers, guests, and/or invitees upon the Property.

31. Upon information and belief, this Target store had a prior criminal history of physical violence and/or robbery so the subject incident was foreseeable.

32. Target had actual knowledge of the first attack on Plaintiff ADAMS so further violence was foreseeable.

33. Defendants knew or should have known that the assailant involved in the subject incident presented a danger and/or security risk to employees, customers, guests, and/or invitees upon the Property.

34. Defendants breached the duty of care by allowing the assailant to remain, enter the store, and obtain a weapon. Defendants breached the duty of care by taking no

1  action to prevent or protect against the danger that the assailant posed to persons upon the

2  Property.  Defendants breached the duty of care by allowing the assailant to continue to

3  hunt for Plaintiff to attack her a second time.

4      35.    Target had a duty to take reasonable steps to prevent persons from obtaining

5  deadly weapons from their store to use against persons at the Property.

6

7      36.    Target breached that duty by keeping their deadly weapons in the open and

8  available for anyone.  Target breached that duty by reasonably security their weapons.

9      37.    Employers, masters and principals are vicariously liable for the torts

10  committed by their employees, servants and agents if the tort occurs while the employee,

11  servant or agent was acting in the course and scope of employment.

12      38.    Accordingly, pursuant to N.R.S. 41.130, Defendants are vicariously liable for

13  the damages caused by their employees' and/or agents' actions and negligence.  N.R.S.

14  41.130 states as follows:

15

16      Except as otherwise provided in N.R.S. 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

20      39.    The Defendants were the employers, masters and principals of each other,

21  the remaining Defendants, and other employees, agents, independent contractors and/or

22  representatives who negligently failed to abstain from injuring persons upon the Property.

23

24      40.    Defendants' negligent conduct and/or breach of duties described herein

25  proximately and/or legally caused the injuries suffered by Plaintiff ADAMS.

26      41.    That due to the injuries caused by the attack described herein, Plaintiff

27  ADAMS sustained damages in an amount in excess of $15,000.00.

28

42. Plaintiff has been forced to retain the service of an attorney to represent this action, and as such is entitled to reasonable attorney's fees and litigation costs.

## SECOND CAUSE OF ACTION

### (Negligent Hiring, Training, Retention, and Supervision)

43. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

44. Defendants had a duty to properly and adequately hire, train, retain, and supervise personnel under their control so as to avoid unreasonable risk of harm to the general public, invitees, patrons, and business invitees of Defendants.

45. Defendants were responsible for the hiring, training, retaining, supervision, and control of employee(s), including DOE SECURITY OFFICER and DOE MANAGER and Defendants' Doe Employees, and as a direct and proximate result of aforementioned Defendants' negligence in hiring, training, supervising, and controlling employee(s), including the on duty security guard and/or Defendants' Doe Employees, Plaintiff ADAMS suffered injuries and damages as herein alleged.

46. As a direct and proximate result of the acts, omissions and conduct Defendants, Plaintiff ADAMS sustained damages in an amount in excess of $15,000.00.

47. That Plaintiff has been forced to retain the service of an attorney to represent this action, and as such is entitled to reasonable attorney's fees and litigation costs.

## THIRD CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

48. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

49. Defendants owed a duty to exercise due care, not to subject Plaintiff ADAMS to foreseeable risk of mental, emotional, and/or psychological injury, and Defendants knew or reasonably should have known that such acts and/or omissions of Defendants as herein

alleged, were likely to result in mental, emotional, and/or psychological injury to Plaintiff ADAMS.

50. Defendants did negligently inflict extreme mental and emotional distress, indignity, embarrassment, and humiliation upon Plaintiff ADAMS and did breach that duty to Plaintiff ADAMS.

51. As a direct and proximate result of the acts, omissions and conduct of Defendants herein, Plaintiff ADAMS sustained damages in an amount in excess of $15,000.00.

52. Plaintiff has been forced to retain the service of an attorney to represent this action, and as such is entitled to reasonable attorney's fees and litigation costs.

### FOURTH CLAIM FOR RELIEF

(Punitive Damages)

53. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

54. Defendants knew or should have known of the dangers presented by the deadly weapons available in their store.

55. Defendants knowingly and intentionally failed to secure the deadly weapons in their store.

56. Defendants knew or should have known that further violent attacks and/or robberies would occur due to their past criminal history.

57. Defendants knowingly and intentionally failed to take any action to prevent further crime on their Property.

58. Defendants knowingly and intentionally failed to take any action regarding the non-party assailant before or during the attack.

59. Defendants knowingly allowed the non-party assailant to enter the store and obtain a deadly weapon.

60. Defendants knowingly allowed the non-party assailant to hunt down Plaintiff with a deadly weapon.

61. Defendants knowingly and intentionally failed to warn or protect Plaintiff from the non-party assailant.

62. The actions and omissions detailed above were the proximate and legal cause of Plaintiff's injuries and damages.

63. Punitive damages should be imposed upon Defendants.

64. Defendants acted with malice and oppression.

65. A customer becoming violently attacked and/or robbed was a foreseeable result of Defendants' actions and omissions.

66. A customer becoming assaulted with a deadly weapon was a foreseeable result of Defendants' actions and omissions.

67. Defendants had knowledge of the probable harmful consequences of their wrongful acts and willfully and deliberately failed to act to avoid those consequences.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE Plaintiff expressly reserves the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damages not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1. General damages sustained by Plaintiff in an amount in excess of $15,000.00;

2. Special damages to be determined at the time of trial;

3. Medical and incidental expenses already incurred and to be incurred;

4. Punitive damages;

5. Reasonable attorney's fees and costs of suit.

6. Interest at the statutory rate; and

7. For such other relief as the Court deems just and proper.

DATED this 26th day of November 2025.

By:_____/s/ Cory Rex_____
Cory Rex, Esq.
Nevada Bar No. 10577
REX LAW
170 South Green Valley Parkway, Suite 300
Henderson, NV 89012
*Attorney for Plaintiff*
*ANGELA ADAMS*