UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANGELA ADAMS,<br><br>Plaintiff(s),<br><br>v.<br><br>TARGET CORPORATION, d/b/a TARGET, et al.,<br><br>Defendant(s). | Case No.2:25-CV-719  JCM (DJA)<br><br>ORDER |

Presently before the court is plaintiff Angela Adams' motion to remand the case to state court.  (ECF No. 32).  Defendants/third party plaintiffs Metro One Loss Prevention Services Group, et al. ("Metro One defendants") filed a response (ECF No. 32), to which defendant Target Corporation joined.  (ECF No. 45).  Plaintiff filed a reply.  (ECF No. 44).

**I.      Background**

This is a personal injury case concerning an alleged assault and robbery of plaintiff at knifepoint outside of a Target store.  Plaintiff asserts state law claims of negligence, negligent infliction of emotional distress, and negligent hiring, training, retention, and supervision.

On April 24, 2025, Target removed this case from the Eighth Judicial District of Nevada. (ECF No. 1).  Thereafter, on November 24, 2025, Target disclosed the existence of a third-party security contractor, Metro One.  Plaintiff obtained leave to amend the complaint and filed her first amended complaint on December 3, 2025, to join the Metro One entities as defendants in this case. (ECF No. 18).

On January 12, 2026, the Metro One defendants informed plaintiff that they subcontracted their security work for Target to Security Intelligence LLC.  The Metro One defendants filed a

motion to dismiss the amended complaint, and their answer and third party complaint against Security Intelligence LLC on January 13, 2026.  (ECF Nos. 28, 29).  The next day, plaintiff filed a second amended complaint adding Security Intelligence LLC as a defendant.  (ECF No. 30).

While Target and the Metro One defendants are domiciled in other states, Security Intelligence LLC is a citizen of Nevada.  (ECF No. 57).  Plaintiff, also a resident of Nevada, now moves the court to remand the case to state court for lack of subject matter jurisdiction.

**II.     Legal Standard**

Federal courts are courts of "limited jurisdiction."  *Gunn v. Minton*, 568 U.S. 215, 256 (2013) (citations omitted).  Although a plaintiff is generally entitled to deference in her choice of forum, a defendant may remove a case originally filed in state court to federal court if the district courts of the United States would have original jurisdiction over it.  *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949–60 (9th Cir. 2017); 28 U.S.C. § 1441(a).  Relevant to this motion, original jurisdiction includes diversity jurisdiction, which requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  For the purposes of diversity jurisdiction, a limited liability company's citizenship is that of each of its members.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

**III.     Discussion**

There is no dispute that there was complete diversity of citizenship among the parties when Target removed this case to federal court.  Where the parties differ is whether the court was deprived of subject matter jurisdiction when plaintiff added Security Intelligence LLC as a party.

The Metro One defendants (joined by Target) argue that the post-removal addition of a local defendant does not require the court to remand the case.  They also argue that 28 U.S.C. § 1441(b)(2) permits a non-forum defendant to remove a case to federal court before a diversity-defeating defendant is served.  These arguments have no bearing on the rule that "once the court has permitted the joinder of a non-diverse party, § 1447(e) permits the court only to remand the case to state court."  *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.*, 916 F. Supp. 1024, 1029 (9th Cir. 1996).

The Metro One defendants' citation to *Spencer* supports this proposition, as the court in that case held that remand is not required for subsequent events *except* where original subject-matter jurisdiction has been destroyed. *See, e.g.*, *Spencer v. United States Dist. Court*, 393 F.3d 867, 871 (9th Cir. 2006). Their other out-of-circuit citations do not contemplate the effect of post-removal joinder of a non-diverse defendant under § 1447(e). *See Van Meter v. State Farm Fire & Cas. Co.*, 1 F.3d 445, 450 (6th Cir. 1993) (concerning application of § 1447(c)); *In re Shell Oil*, 966 F.2d 1130, 1133 (7th Cir. 1992) (same).

There is no diversity of citizenship here. Plaintiff is a resident of Nevada, (ECF No. 30 ¶ 1), and defendant Security Intelligence, LLC is a citizen of the same state. (ECF No. 57) (confirming that "William Bibbs, owner and managing member of Security Intelligence LLC . . . is a citizen of the state of Nevada.").

Pursuant to § 1447(e), "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e.) Here, the joinder of Security Intelligence LLC to this case destroyed the diversity of citizenship that first gave this court jurisdiction to hear the state law claims asserted therein. Under § 1447(e), the court must remand the action to state court. *See Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001)) ("once the non-diverse defendants were joined remand became mandatory").

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that this case be REMANDED to state court for further proceedings. (*See* ECF No. 32).

Given the posture of this order, IT IS FURTHER ORDERED that ECF Nos. 28, 40, 51, 52, and 58 are DENIED AS MOOT. The clerk of court is instructed to close this case.

DATED March 23, 2026.

_____
UNITED STATES DISTRICT JUDGE